COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia


PATRICIA S. (PLISCO) BRODERSEN

                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1246-97-4    JUDGE JERE M. H. WILLIS, JR.
                                        JULY 7, 1998
CHARLES J. PLISCO, JR.


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Thomas R. McNamara, Judge Designate

Lloyd F. Sammons (Sammons & Smith, on brief),
for appellant.

Daniel G. Dannenbaum (The Lewis Law Firm, on
brief), for appellee.


Patricia S. Brodersen appeals the denial of her motion to "enforce" a foreign decree in proceedings initiated by Charles J. Plisco, Jr., seeking modification of custody. We affirm the judgment of the trial court.

I.

BACKGROUND

On September 20, 1994, an Iowa court granted Ms. Brodersen and Mr. Plisco a divorce (Iowa Decree). The Iowa Decree awarded the parties joint legal custody of their two minor children, and granted primary physical care to Ms. Brodersen. The Iowa Decree incorporated a stipulation permitting Ms. Brodersen "to relocate her and the children's primary residence."

In 1995, the parties moved separately to Virginia. On

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

July 9, 1996, Mr. Plisco petitioned the juvenile and domestic relations court to modify custody based upon Ms. Brodersen's remarriage and her impending move to New Mexico. The parties registered the Iowa Decree in Prince William County and the City of Alexandria.

On January 6, 1997, apparently to forestall hearing on the custody petition, Ms. Brodersen moved the juvenile and domestic relations court to "enforce" the Iowa Decree. The juvenile and domestic relations court denied her motion, and Ms. Brodersen appealed that decision to the trial court.[1] By order entered May 30, 1997, the trial court denied the appeal and remanded the matter to the juvenile and domestic relations court.

## II.

### APPELLATE JURISDICTION

Contrary to Ms. Brodersen's assertions, the trial court did not deny "full faith and credit" to the Iowa Decree. It did not hold that the Iowa Decree was invalid or without application. Rather, the trial court declined to "enforce" the decree, blindly and prospectively, in bar of a proper custody review.

The judgment of the trial court is affirmed, and this case is remanded to it with direction to remand the petition for custody to the juvenile and domestic relations court with

---

[1]Mr. Plisco filed a motion to dismiss Ms. Brodersen's appeal, contending that the juvenile and domestic relations court had not entered a final, appealable order. See Code § 16.1-296. The circuit court denied his motion and that decision is not before us on appeal.

direction to determine the merits of that petition, affording full faith and credit to the Iowa Decree.

Affirmed and remanded.